Peter M.K. Frost, *pro hac vice*
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon  97401
541-485-2471; (f) 541-485-2457
frost@westernlaw.org

Julia A. Olson (CA Bar # 192642)
Wild Earth Advocates
2985 Adams Street
Eugene, Oregon  97405
541-344-7066; (f) 541-344-7061
jaoearth@aol.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| **HIGH SIERRA HIKERS ASSOCIATION; WILDERNESS WATCH,** | Case No.: 1:05-CV-00496-AWI-DLB |
| Plaintiffs, | **PARTIES' JOINT STIPULATION AND ORDER RE: ATTORNEYS' FEES, COSTS, AND OTHER EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| **UNITED STATES FOREST SERVICE; JACK BLACKWELL**; Regional Forester, Forest Service Region 5; **TOM QUINN**, Supervisor, Stanislaus National Forest, | |
| Defendants, | |
| **CALIFORNIA TROUT, INC., TUOLUMNE COUNTY SPORTSMEN, BACK COUNTRY SPORTSMEN, KENNEDY MEADOWS RESORT, JAMES PHELAN, STATE OF CALIFORNIA DEPARTMENT OF FISH AND GAME**, | |
| Defendants-Intervenors. | |

Plaintiffs Wilderness Watch et al. ("Plaintiffs") and Defendants United States Forest Service et al. ("Forest Service") hereby jointly stipulate to and state the following:

*Whereas*, Plaintiffs filed a complaint alleging that certain Forest Service actions related to dam structures in the Emigrant Wilderness violated the Wilderness Act and the National Environmental Policy Act ("NEPA"), and requested declaratory and injunctive relief;

*Whereas,* the Court issued a declaratory judgment that the Forest Service violated the Wilderness Act, but not NEPA, and issued certain injunctive relief;

*Whereas*, on November 1, 2006, the Forest Service filed a notice of appeal from the Court's judgment in this case;

*Whereas*, on February 13, 2007, the Forest Service moved to voluntarily dismiss its appeal of the Court's judgment, and the United States Court of Appeals for the Ninth Circuit granted the motion on February 16, 2007;

*Whereas*, Plaintiffs and the Forest Service agree that it is in the interest of the parties and judicial economy to settle Plaintiffs' claim for attorneys' fees, costs, and other expenses under the Equal Access to Justice Act, without further litigation; and

*Whereas*, the Parties enter this stipulation without any admission of fact or law, or waiver of any claims or defenses, factual or legal.

*Now, therefore, it is stipulated by and between the parties as follows:*

1. This motion is jointly submitted in accordance with the Federal Rules of Civil Procedure, and the Local Rules of this Court, and the parties hereby respectfully move the Court to approve this stipulation and sign the [proposed] order.

2. The Forest Service will pay agrees to settle all of Plaintiffs ninety eight thousand and five hundred dollars ($98,500) in full settlement of Plaintiffs' claim for attorneys' fees, costs, and other expenses related to this litigation, through and including the date this stipulation is approved by the Court.  Payment shall be made within sixty (60) days of the date this stipulation is approved by the Court.

JOINT STIPULATION AND [PROPOSED] ORDER RE: ATTORNEYS' FEES, 1:05-CV-00496-AWI-DLB    - 1-

3.     Plaintiffs agree to accept payment of $98,500 in full satisfaction of any and all claims for attorneys' fees, costs, and other expenses related to this litigation, through and including the date of the Court's order.

4.     This stipulation is the result of compromise and settlement, is based on and limited solely to the facts involved in this case, and shall not be construed as an admission of liability by either party, nor shall the settlement be cited in any other litigation except as necessary to enforce the terms of this stipulation.  The Forest Service does not waive any defenses it may have concerning the claims settled under this stipulation.  This stipulation as to attorneys' fees, costs, and other expenses has no precedential value in any other litigation related to attorneys' fees, costs, or other expenses.  By this agreement, the Forest Service does not waive any right to contest fees claimed by Wilderness Watch or Wilderness Watch's counsel, including hourly rates, in any future litigation.  This stipulation shall not be interpreted as, or constitute, a commitment or requirement that the Forest Service is to obligated or must pay funds, or take any other action, that contravenes the Anti-Deficiency Act, 31 U.S.C. sec. 1341.

5.     Nothing in this stipulation shall be construed as an admission by the Forest Service that its position was not substantially justified.

6.     The undersigned representatives of the Parties certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Stipulated Agreement and legally bind the parties to it.

Dated: March 19, 2007.             Respectfully submitted,

/s/ Peter M.K. Frost
Peter M.K. Frost

/s/ Julia A. Olson
Julia A. Olson
Attorneys for Plaintiffs

JOINT STIPULATION AND [PROPOSED] ORDER RE: ATTORNEYS' FEES, 1:05-CV-00496-AWI-DLB    - 1-

|   |   |
|---|---|
| 1 | McGregor W. Scott<br>United States Attorney |
| 2 | /s/ E. Robert Wright |
| 3 | E. Robert Wright<br>Assistant United States Attorney |
| 4 | Attorneys for Defendants |

PURSUANT TO THE STIPULATION OF THE PARTIES,

IT IS SO ORDERED.

**Dated:   March 19, 2007**                           **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE

JOINT STIPULATION AND [PROPOSED] ORDER RE: ATTORNEYS' FEES, 1:05-CV-00496-AWI-DLB    - 1-